IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

October 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM K. WALDEN,           *       C.C.A. # 03C01-9610-CR-00372

    Appellant,           *       KNOX COUNTY

VS.                          *       Hon. Ray L. Jenkins, Judge

STATE OF TENNESSEE,          *       (Post-Conviction)

    Appellee.            *


For Appellant:

Randall E. Reagan
Attorney at Law
602 Gay Street, Ste. 905
Knoxville, TN  37902

For Appellee:

Charles W. Burson
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Randall E. Nichols
District Attorney General
City-County Building
Knoxville, TN  37902


OPINION FILED:_____


AFFIRMED


GARY R. WADE, JUDGE

## OPINION

The petitioner, William K. Walden, appeals the trial court's dismissal of his petition for post-conviction relief. The single issue presented for review is whether the petition was barred by the statute of limitations.

We affirm the judgment of the trial court.

On March 1, 1989, the petitioner entered pleas of guilt to two counts of possession of a Schedule II controlled substance for resale and two counts of possession of a Schedule VI controlled substance for resale. The trial court imposed a Range I, ten-year sentence. Two petitions for post-conviction relief were filed in 1989 but withdrawn on March 1, 1990. On April 30, 1996, the petitioner filed a petition for post-conviction relief and, in the alternative, sought the re-opening of his previously filed petition. Among other grounds, the petitioner alleged that he was denied the effective assistance of counsel at trial.

At the time the petitioner was convicted, there was a three-year statute of limitations under the Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-102 (repealed 1995). An amendment to the Act, effective May 10, 1995, reduced the limitations period to one year. The amendment provides, in part, as follows:

> Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act, shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen under this act.

1995 Tenn. Pub. Act 207, § 3. The petitioner contends that the amendment established a one-year window of opportunity within which any petitioner could file an action for post-conviction relief, whether the statute of limitations had previously run or not.

2

Recently, our supreme court ruled that the amendment did not revive any action which had been barred by the previous statute of limitations. <u>Arnold Carter v. State</u>, ____ S.W.2d ____, No. 03-S-01-9612-CR-00117, slip op. at 6 (Tenn., at Knoxville, Sept. 8, 1997).  Thus, the trial court properly dismissed this petition.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
Paul G. Summers, Judge

_____
William M. Barker, Judge

3